# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:11 cv 2770 T 27 EAJ

GERALD W. DUBATS, an individual, and
DOLORES DUBATS, an individual,

    Plaintiffs,

v.

MERCANTILE ADJUSTMENT BUREAU,
LLC, New York limited liability company,

    Defendant.
_____/



FILED

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiffs, Gerald W. Dubats, an individual, and Dolores Dubats, an individual, sue Defendant, Mercantile Adjustment Bureau, LLC, a New York limited liability company, and allege:

### INTRODUCTION

1. This is an action for violation of 15 U.S.C. §1692, *et seq.*, known more commonly as the "Federal Fair Debt Collection Practices Act" ("FDCPA").

2. The FDCPA was enacted by Congress to curtail abusive, deceptive and unfair debt collection practices by debt collectors which were found by Congress to contribute to personal bankruptcy, marital instability, loss of jobs and invasions of privacy under 15 U.S.C. §1692(a).

### JURISDICTION

3. Jurisdiction of this Court arises under 15 U.S.C §1692K and 28 U.S.C.§1337, and

supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C.§ 1367.

## *ALLEGATIONS AS TO PARTIES*

4. At all times material hereto, Plaintiff, Gerald W. Dubats ("Mr. Dubats") was *sui juris* and a resident of Sarasota County, Florida.

5. At all times material hereto, Plaintiff, Dolores Dubats ("Ms. Dubats") was *sui juris* and a resident of Sarasota County, Florida.

6. At all times material hereto, Mr. and Ms. Dubats ("the Dubats"), were senior citizens who were enjoying their retirement until the events described below.

7. At all times material hereto, Defendant, Mercantile Adjustment Bureau, LLC ("MAB"), was a New York limited liability company doing business in Sarasota County, Florida.

8. MAB is properly subject to jurisdiction in the State of Florida and venue in this District pursuant to the Florida Long-Arm Jurisdiction Statute through the causation of injury in this state caused by acts or omissions outside the state.

## *FACTUAL ALLEGATIONS*

9. At an unknown time prior to the filing of the instant action, the adult son of the Dubats, Adam Dubats ("Adam"), financed a truck for his personal and household purposes ("Truck Loan"). Upon the best information available to the Dubats, the truck was repossessed by the original creditor sometime in 2004.

10 As the Truck Loan was issued in the name of Adam, the Dubats do not have in their possession, custody or control any documents pertaining to the opening of the Truck Loan.

11. The Dubats are not signatories to the Truck Loan and have no obligation to pay same.

12. At some unknown time in the past, MAB either purchased the Truck Loan or was retained for the purpose of collecting monies purportedly owed under the Truck Loan.

13. During the year preceding the filing of the instant action, the Dubats received repeated telephone calls from MAB with a frequency of approximately once a week.

14. During the repeated telephone calls with the Dubats, MAB would inquire concerning the location of Adam.

15. In response to the repeated inquiries concerning the location of Adam, the Dubats would repeatedly inform MAB that Adam did not live with the Dubats and that the Dubats did not know the whereabouts of Adam.

16. The Dubats emphatically demanded MAB not to telephone the Dubats again with respect to the collection of the Truck Loan.

17. On or about September, 2011, an employee or agent of MAB acting within the scope of the authority of an employee contacted the Dubats at their home in Sarasota, Florida.

18. After the employee or agent of MAB informed Ms. Dubats that the employee was calling concerning the Truck Loan, Ms. Dubats again repeated to MAB that MAB should not contact the Dubats again concerning the Truck Loan.

19. In response to the demand by Ms. Dubats that MAB not contact the Dubats again, the employee or agent of MAB threateningly represented to Ms. Dubats that MAB would "investigate" the Dubats notwithstanding the fact that the Dubats had absolutely no obligation whatsoever with respect to the Truck Loan.

20. The representation by the employee of MAB that the Dubats would be "investigated" constituted an unfair and unconscionable means to collect or attempt to collect a

debt.

21. The representation by the employee of MAB that MAB would "investigate" the Dubats constituted a false, deceptive and misleading representation with respect to the collection of a debt.

22. Upon information and belief, the telephone messages by MAB used an automatic dialing system or an artificial or pre-recorded voice to place telephone calls to the Dubats.

### COUNT I - ACTION FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692, ET. SEQ.)

23. This is an action for violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1642, *et. seq.*.

24. The Dubats reallege and reaffirm the allegations contained in Paragraphs 1 through 22 above as if set forth hereat in full.

25. At all times material hereto, Adam was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

26. At all times material hereto, the Truck Loan was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

27. At all times material hereto, MAB was a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

28. As more particularly described above, Defendant has violated the FDCPA in that Defendant has:

(a) communicated with the Dubats for the purpose of acquiring location information about a consumer in a manner contrary to the requirements of 15 U.S.C. §1692b(1)

and (3);

    (b) communicated with the Dubats as a third party in contravention of 15 U.S.C. §1692c;

    (c) engaged in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in contravention of 15 U.S.C. §1692d;

    (d) used false, deceptive and misleading representations or means in connection with the collection of any debt in contravention of 15 U.S.C. §1692e;

    (e) threatened to take any action that cannot legally be taken or that is not intended to be taken in contravention of 15 U.S.C. §1692e(5);

    (f) used any false representation or deceptive means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692e(10); and

    (g) used unfair or unconscionable means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692f.

29. As a direct and proximate result of the violation of the FDCPA by MAB, the Dubats have been damaged. The damages of the Dubats include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

30. Pursuant to 15 U.S.C. §1692k, the Dubats are entitled to recover actual damages together with statutory damages of $1,000.00, together with court costs and reasonable attorneys fees.

31. The Dubats have retained the undersigned law office to represent their interest herein and are obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiffs, Gerald W. Dubats, an individual, and Dolores Dubats, an individual, demand judgment against Defendant, Mercantile Adjustment Bureau, LLC, a New York limited liability company, for damages, together with interest, costs and attorneys fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiffs, Gerald W. Dubats, an individual, and Dolores Dubats, an individual, pursuant to Rule 38, Federal Rules of Civil Procedure, demand a trial by jury of all issues so triable.

_____
ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telefax
rpyu@aol.com